IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| TRIVAR MARQUETTE SCRIVEN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 121-022 |
| | ) | (Formerly CR 119-111) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**O R D E R**

Petitioner, an inmate at Edgefield Correctional Institution in Edgefield, South Carolina, filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. The Clerk of Court **SHALL SERVE** the United States Attorney with this Order and a copy of the § 2255 motion.[1] (Doc. no. 1.) The Court **DIRECTS** Respondent to file an answer or response within sixty days of the date of this Order, and Petitioner shall furnish the United States Attorney in Augusta, Georgia, with copies of all future motions or papers filed in this case. No discovery shall be had by either party without leave of Court.

---

[1] The record reflects Petitioner did not sign the § 2255 motion originally submitted, and the Clerk of Court issued a deficiency notice. (See doc. nos. 1, 2.) Petitioner responded with a signed motion, which the Clerk of Court docketed as a separate response rather than making it an attachment to the original motion. (Doc. no. 3.) As the original motion and the signed version are identical in substance, for ease of reference, the Court will cite to the original submission when referencing Petitioner's § 2255 motion.

Petitioner also requested appointment of counsel. (Doc. no. 1-1.) There is no automatic constitutional right to counsel in habeas proceedings. See Pennsylvania v. Finley, 481 U.S. 551, 555 (1987); United States v. Webb, 565 F.3d 789, 794 (11th Cir. 2009) (citing Barbour v. Haley, 471 F.3d 1222, 1227 (11th Cir. 2006)); Hooks v. Wainwright, 775 F.2d 1433, 1438 (11th Cir. 1985). Under 18 U.S.C. § 3006A(a)(2)(B), the Court may appoint counsel for an indigent litigant seeking relief under 28 U.S.C. § 2255, but such requests are discretionary when "due process or the 'interests of justice'" so require. Hooks, 775 F.2d at 1438; Norris v. Wainwright, 588 F.2d 130, 133 (5th Cir. 1979)[2]; see also 28 U.S.C. § 2255(g) and Rule 8(c) of the Rules Governing Section 2255 Cases in the United States District Courts (authorizing appointment of counsel pursuant to 18 U.S.C. § 3006A if evidentiary hearing warranted). Moreover, appointment of counsel is "a privilege that is justified only by exceptional circumstances[.]" McCall v. Cook, 495 F. App'x 29, 31 (11th Cir. 2012) (*per curiam*). In sum, "[e]xcept in rare and extraordinary cases where due process principles of fundamental fairness would be violated if counsel is not appointed, there is no federal constitutional right" to appointed counsel. Donald E. Wilkes, Jr., Federal Postconviction Remedies and Relief Handbook § 2.2, at 191 (2017 ed.).

The Court does not find any exceptional circumstances justifying the appointment of counsel. See McCall, 495 F. App'x at 31. Petitioner has had no problem communicating with the Court and presenting his arguments for relief, as well as understanding and timely

---

[2] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions that were handed down prior the close of business on September 30, 1981.

responding to a deficiency notice issued by the Clerk of Court. (See doc. nos. 2, 3.) Therefore, the Court **DENIES** the request for appointment of counsel. (Doc. no. 1-1.)

SO ORDERED this 24th day of February, 2021, at Augusta, Georgia.

*[signature]*
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA